Jane ASENAP et al., Plaintiffs,

v.

The UNITED STATES of America,
Defendant.

Civ. No. 65–384.

United States District Court
W. D. Oklahoma.

Jan. 11, 1968.

Houston Bus Hill, and Phil E. Daugherty and Charles P. Ames, of Ames, Daugherty, Bynum, Black, Ashabranner & Rogers, Oklahoma City, Okl., for plaintiffs.

John O. Jones, Justice Dept., Ft. Worth, Tex., for defendant.

FINDINGS OF FACT

BOHANON, District Judge.

This is an action by the named plaintiffs against the United States of America for an income tax refund.

The question presented for determination is: Whether the alloted lands acquired by a restricted, noncompetent Comanche Indian by way of inheritance, and the income derived from those lands, are subject to federal estate taxation under the provisions of Section 2001, Internal Revenue Code of 1954.

The parties have filed a second stipulation of facts in this case which the Court adopts as its findings of fact and is in the words and figures as follows, to-wit:

It is hereby stipulated by and between the parties to this action, through their respective counsel, Houston Bus Hill and Ames, Daugherty, Bynum, Black, Ashabranner & Rogers, attorneys for the plaintiff herein, and John O. Jones, Tax Division, Department of Justice, Fort Worth, Texas, attorney for the defendant, that the following facts are true and correct and no further proof thereof need be offered in this action. It is further stipulated and agreed that nothing contained herein shall preclude either of the parties from hereafter objecting to the competency, relevancy or materiality of any matter contained herein.

I

This action is brought by the plaintiffs against the defendant, United States of America, for the recovery of federal estate taxes in the sum of $97,-498.84, plus interest thereon as provided by law.

II

The federal estate taxes, plus interest thereon, for which recovery is here sought were assessed against and collected from the Estate of Wook-kah-nah, deceased, Comanche Allottee No. 1927, and the plaintiffs herein are the legal heirs of Wook-kah-nah, deceased. The plaintiffs are citizens and residents of

the United States of America. The venue of this action, pursuant to Section 1402 of Title 28, United States Code, is the United States District Court for the Western District of Oklahoma, and jurisdiction of this action is conferred upon this Court by virtue of the provisions of Section 1346(a) (1) of Title 28, United States Code.

### III

Wook-kah-nah, deceased, Comanche Allottee No. 1927 (hereinafter referred to as "decedent"), was a noncompetent, restricted, fullblood Comanche Indian and a Ward of the United States of America, under the jurisdiction of the Area Director of the Bureau of Indian Affairs at Anadarko, Oklahoma (hereinafter referred to as the "Area Director"). The United States of America, acting by and through the Secretary of the Interior (hereinafter referred to as the "Secretary") and the Area Director, has been holding in trust and exercising control over all of the restricted trust lands and oil and gas royalty and lease bonus income and rentals therefrom of decedent until her death, and is continuing to hold the same in trust for her heirs, legatees, and devisees, under the General Allotment Act of February 8, 1887, as amended.

### IV

Decedent died testate on February 23, 1956, while a resident of Walters, Cotton County, Oklahoma. At the date of her death, decedent owned and was possessed of certain real properties which were being held in trust for her benefit by the United States, acting through the Secretary, and under the direct supervision and control of the Area Director. She also owned certain monies which were on deposit with and being held by the Area Director in trust for her benefit. These trust funds represented income from oil and gas royalties, oil and gas lease bonuses and oil and gas delay rentals derived from decedent's restricted lands. All of the real property and monies which were being held by the United States in trust for decedent's benefit were "restricted trust lands" and "restricted trust funds," respectively, in

that decedent held only beneficial title thereto, while legal title thereto was held by the United States. The United States continues to hold these restricted trust lands and restricted trust funds in trust for the benefit of decedent's heirs, legatees and devisees under the provisions of the General Allotment Act of February 8, 1887, as amended.

In addition to these restricted trust lands and restricted trust funds, at the date of her death, decedent also owned and possessed other real and personal property which was not restricted property and to which she held legal as well as equitable title.

### V

The restricted trust land of which decedent was possessed at the date of her death, and the origin of decedent's interest in each of these real properties is as follows:

(a) All of the SW/4 of Section 1–4S–11W, I.M., Cotton County, Oklahoma. This property is the original Comanche Indian Allotment No. 1927, and is the land which was originally allotted to decedent, individually, under the provisions of the Act of February 8, 1887, c. 119, 24 Stat. 388, as amended (25 U.S.C., 1964 ed., Sec. 331 et seq.) (hereinafter referred to as the "General Allotment Act of 1887, as amended").

(b) An undivided one-third interest in Lots 3 and 4 (NW/4) and the S/2 NW/4 of Section 1–4S–11W, I.M. Cotton County, Oklahoma. This property is decedent's inherited interest in the land that was originally allotted to her prior deceased husband, Homovich, Comanche Indian Allottee No. 1926, under the provisions of the General Allotment Act of 1887, as amended, supra. Decedent's interest in this property was acquired by inheritance upon the death of her husband.

(c) An undivided 14,895,468ths interest in the NE/4 of Section 12–4S–11W, I.M. Cotton County, Oklahoma. Decedent's prior deceased father, Titchy-wy, Comanche Indian Allottee No. 1983, was allotted the whole of the

property described as the NE/4 of Section 12–4S–11W, I.M., Cotton County, Oklahoma, under the General Allotment Act of 1887, as amended, supra. Part of the 14,895/42,468ths interest in this property (an undivided 2,592/42,468ths interest) which decedent held at the date of her death was inherited by her from her prior deceased father, Titchy-wy Comanche Allottee No. 1983, and the remainder of the 14,895/42,468ths interest held by decedent at the date of her death (an undivided 12,303/42,468ths interest) was purchased by her from some of the remaining heirs of her prior deceased father, Titchy-wy, Comanche Allottee No. 1983, the said purchases being made for decedent by the Secretary, acting by and through the Area Director, with funds belonging to decedent and which were being held in trust for her by the Area Director, the said purchase being effected and title taken by the United States in trust for the decedent under the authority granted in the Act of June 26, 1936, c. 831, 49 Stat. 1967, as amended (25 U.S.C., 1964 ed., Sec. 502) (Hereinafter referred to as the "Oklahoma Indian Welfare Act of June 26, 1936")

(d) All of the NW/4 of Section 35–3S–11W, I.M., Cotton County, Oklahoma. This property is the original Comanche Indian Allotment No. 1979, and is the land that was originally allotted to decedent's prior deceased sister, Nahsotum (Sally Permamsu), Comanche Indian Allottee No. 1979, under the provisions of the General Allotment Act of 1887, as amended, supra. Decedent acquired a one-thirteenth (⅓th) interest in this property by inheritance upon the death of her sister. The remainder of decedent's interest in this property was purchased for her, while she was living, by the Secretary from the remaining heirs of her prior deceased sister, Nahsotum, with funds which the Secretary held in trust for decedent, under the provisions of the Oklahoma Indian Welfare Act of June 26, 1936, supra.

(e) The N/2 of the NW/4 of Section 36–2S–13W, I.M., Cotton County, Oklahoma. The whole of the NW/4 of Section 36, 2S–13W, I.M., was the original Comanche Indian Allotment No. 2924, and was the land that was originally allotted to John Oda, deceased Comanche Indian Allottee No. 2924, under the General Allotment Act of 1887, as amended, supra. Decedent's one-half interest in this original allotment was purchased for her, while she was living, by the Secretary from the heirs of John Oda, with funds which the Secretary held in trust for decedent, under the provisions of the Oklahoma Indian Welfare Act of June 26, 1936, supra.

All of the *original* allotments of the above-described lands were made in trust, title thereto being held by the United States, acting through the Secretary, in trust for the benefit of the various original allottees for a period of twenty-five years. Trust patents for each of the above-described properties were issued, and the trust period for each of the properties has been extended beyond the original twenty-five year period, under the provisions of the General Allotment Act of 1887, as amended, supra. No final patents in fee to any of the above-described properties have yet been issued and the United States, acting through the Secretary, continues to hold decedent's interest in these properties in trust for the benefit of her legal heirs, legates and devisees.

## VI

At the date of her death, decedent also owned restricted trust funds in the sum of $63,300.08. These funds were held on deposit in the name of decedent in the Anadarko Area Office of the Bureau of Indian Affairs, Anadarko, Oklahoma. These restricted trust funds were derived from oil and gas royalties paid in connection with the sale of oil and gas produced from the restricted trust lands described in paragraph V above, and these funds were held by the Area Director in trust for decedent's benefit.

### VII

At the date of decedent's death, she had on file with and pending before the Oklahoma State Tax Commission, Oklahoma City, Oklahoma, claims for refund for Oklahoma State Income Taxes for the following years and amounts, said claims being filed for her by the Area Director:

| Years | Amounts |
|---|---|
| 1951 | $ 4,337.56 |
| 1952 | 1,498.40 |
| 1953 | 1,811.03 |
| 1954 | 1,149.56 |
| 1955 | 1,611.89 |
| Total | $10,408.44 |

The said Oklahoma State Income Taxes as set out above were assessed against decedent by the State of Oklahoma and were paid for decedent by the Area Director from trust funds derived from oil and gas royalties and farm rentals on the restricted trust lands described in paragraph V above.

### VIII

At the date of decedent's death, she had on file with and pending before the District Director, Internal Revenue Service, Oklahoma City, Oklahoma, claims for refund for Federal Income Taxes and interest for the following years and amounts, the said claims being filed for her by the Area Director:

| Years | Amount of Tax | Interest |
|---|---|---|
| 1948 | $ 38,892.77 | $16,191.64 |
| 1949 | 23,054.06 | 7,952.04 |
| 1951 | 42,516.60 | 10,047.31 |
| 1952 | 37,726.06 | 6,651.67 |
| 1953 | 35,364.98 | 4,113.48 |
| 1954 | 28,781.16 | 1,620.81 |
| Total | $206,335.63 | $46,576.95 |

Subsequently, the United States allowed decedent's claims for refund for Federal Income Taxes for the years 1951, 1952, 1953, and 1954, and on June 16, 1960, the sum of $210,123.39 was refunded to decedent's estate. The refund of Federal Income Taxes in the amount of $210,123.39 was trust funds and was placed back into the estate of decedent.

### IX

At the date of her death, decedent also owned and held cash on deposit in her name in the Walters National Bank, Walters, Oklahoma, in the sum of $9,258.-79. Said monies were not and are not, trust funds, but both legal and beneficial title thereto belonged to decedent at the date of her death.

### X

The Area Director prepared the federal estate tax return (Form 706) for decedent's estate and the same was timely filed with the District Director, Internal Revenue Service, Oklahoma City, Oklahoma, on May 20, 1957. The decedent's federal estate tax return reported a gross estate in the amount of $17,258.75, allowable deductions in the sum of $13,-871.96, a specific exemption in the amount of $60,000.00, and a net taxable estate of zero. As a result, no gross estate tax was reported on the return and none was paid at the time the return was filed.

### XI

In preparing the federal estate tax return for the estate of decedent, the Area

Director took the following action here pertinent:

(a) Decedent's interest in the N/2 of the NW/4 of Section 36–2S–13W, I.M. Cotton County, Oklahoma, was included in decedent's gross estate for federal estate tax purposes at a value of $3,300 (Ex. A, Schedules A and O). Decedent's interest in this property was purchased for her with restricted trust funds under the provisions of the Oklahoma Indian Welfare Act of June 26, 1936, supra.

(b) A 12,303/42,468ths interest in the property described as the NE/4 of Section 12–4S–11W, I.M., Cotton County, Oklahoma, was included in decedent's gross estate for federal estate tax purposes at a value of $1,700 (Ex. A, Schedules A and O). This 12,303/42,-468ths interest was decedent's interest in the original allotment of her prior deceased father which interest was purchased for her with restricted trust funds under the provisions of the Oklahoma Indian Welfare Act of June 26, 1936, supra.

(c) The federal estate tax return also stated that decedent owned the following described property at the date of her death, but that these lands were held in trust for her by the United States and are, therefore, exempt from federal estate taxes "under the holding in the cases of Squire v. Horton Capoeman, et ux, 351 U.S. 1 [76 S.Ct. 611, 100 L.Ed. 883]; and of Lee Arenasn [Arenas] v. United States [D.C.], 141 [140] Fed.Supp. 606." (Ex. A, Schedule A):

(1) The SW/4 of Section 1–4S–11W, I.M., Cotton County Oklahoma (Mineral value—$314,029; Surface value—$14,900). This property was the original property that was allotted to decedent under the provisions of the General Allotment Act of 1887, as amended, supra.

(2) The NW/4 of Section 35–3S–11W, I.M., Cotton County, Oklahoma, reported on the return to be valued at $8,200. Decedent acquired a ⅓th interest in this property by inheritance from her prior deceased sister, Nahsotum (Sally Permamsu). The remainder of decedent's interest in this property (12⁄13ths) was purchased for her from the remaining heirs of her sister with restricted trust funds under the provisions of the Oklahoma Indian Welfare Act of June 26, 1936, supra.

(3) An undivided one-third (⅓rd) interest in Lots 3 and 4 (NW/4 and S/2 NW/4 of Section 1–4S–11W, I.M., Cotton County, Oklahoma, reported on the return to be valued at $20,470.67. This was decedent's inherited interest in the land that was originally allotted to her prior deceased husband, Homovich, under the General Allotment Act of 1887, as amended, supra.

None of the properties described in subparagraphs (1), (2) and (3) above were included in decedent's gross estate for federal estate tax purposes.

(d) The federal estate tax return also states that the restricted trust funds totaling $63,300.08, as above described, were owned by decedent at the date of her death but that these funds represented the proceeds from the sale of oil and gas and farm rentals derived from the restricted trust lands owned by decedent at death and, therefore, said restricted trust funds are exempt from federal estate taxes. None of the restricted trust funds were included in the decedent's gross estate as reported on the return.

(e) The cash on deposit with the Walters National Bank totaling $9,258.79 was included in the value of decedent's gross estate as reported on the return.

(f) In computing the value of decedent's gross estate as reported on the return, the claims for refund of Oklahoma State Income Taxes and Federal Income Taxes as above described were not included by the Area Director.

XII

Upon audit of decedent's federal estate tax return, defendant, through its duly authorized agent, the Commissioner of

Internal Revenue made the following determinations:

(a) The value of the property described as an undivided 12,303/42,468-ths interest in the NE/4 of Section 12–4S–11W, Cotton County, Oklahoma, valued on the federal estate tax return at $1,700, was determined to be valued at $2,000 by the Commissioner, and the value thereof was correspondingly increased from $1,700 to $2,000, thus increasing the value of decedent's gross estate by the sum of $300.

(b) The property described as the NW/4 of Section 35, 3S–11W, I.M., Cotton County, Oklahoma (which was excluded from the federal estate tax return in determining the value thereof) was determined by the Commissioner to be includible in decedent's gross estate at a value of $8,200, and the value thereof was correspondingly increased by $8,200.

(c) The property described as an undivided one-third (⅓rd) interest in Lots 3 and 4 (NW/4 and S/2 NW/4 of Section 1–4S–11W, I.M., Cotton County, Oklahoma (which was excluded from the federal estate tax return), was determined by the Commissioner to be includible in the gross estate of decedent at a value of $20,470.67, and the value thereof was correspondingly increased by that amount.

(d) The restricted trust funds totaling $63,300.08 were determined by the Commissioner to be includible in the gross estate of decedent and the value thereof was correspondingly increased by that amount.

(e) The value of the claims for refund of Oklahoma State income taxes in the sum of $10,408.44 as described above were determined by the Commissioner to be includible in decedent's gross estate and the value thereof was correspondingly increased by said amount.

(f) The value of the claims for refund of federal income taxes and interest thereon in the sum of $263,-320.98, as described above, were determined by the Commissioner to be includible in decedent's gross estate and the value thereof was correspondingly increased by said amount.

## XIII

In making the determinations as described in paragraph XII above, the Commissioner did not assert any claim to or right to tax decedent's original allotment or any of the income derived directly therefrom, for federal estate tax purposes.

## XIV

Pursuant to the determinations of the Commissioner of Internal Revenue, as set out in Paragraph XII above, on May 17, 1960, a Statutory Notice of Deficiency was sent to the Estate of decedent by Registered Mail, care of the Area Director and Houston Bus Hill, Administrator, C.P.A., of the Estate of Wook-kah-nah, deceased, Comanche Allottee No. 1927, Oklahoma City, Oklahoma, wherein these individuals were given notice that the Commissioner of Internal Revenue had determined that decedent's estate tax liability disclosed a deficiency in the sum of $81,373.14.

## XV

On September 9, 1960, a delegate of the Secretary made a deficiency assessment of estate taxes due from the estate of the decedent in the sum of $81,373.14, plus interest thereon in the sum of $16,097.12, and notice of the said assessment and demand for payment thereof was duly made upon the Area Director. On September 26, 1960, the full amount of the deficiency assessment against the estate of decedent was paid, under protest, by the Area Director by check issued against and drawn upon the trust funds of the estate of decedent.

## XVI

On November 29, 1960, the Area Director timely filed a claim for refund (Form 843) of federal estate taxes paid for and on behalf of the estate of dece-

dent in the sum of $97,498.84. A true and correct copy of the original claim for refund (Form 843) is attached hereto and made a part hereof and marked as Exhibit B.

## XVII

Subsequent to the filing of the claim for refund as described in paragraph XVI above, defendant determined that the said claim was allowed to the extent of $3,982.15 in assessed estate taxes, plus assessed interest in the sum of $787.65. The allowance of this portion of the claim for refund was made pursuant to the following determinations:

(a) That a 12,303/42,468ths interest in the property described as the NE/4 of Sec. 12–4S–11W, I.M., Cotton County, Oklahoma, which was included by the Area Director at a value of $1,700 in determining the value of decedent's gross estate, and adjusted to an increased value of $2,000 by the Commission is not includible in determining the value of decedent's gross estate due to the fact that the said 12,303/42,468ths interest held by decedent at death was purchased for her by the United States with decedent's trust funds which the United States held in trust for her, and title thereto was taken in trust for her by the United States under the provisions of the Oklahoma Indian Welfare Act of June 26, 1936, supra. The defendant further determined, however, that the 2,592/42,468ths interest in this property, which interest was inherited by decedent from her prior deceased father, Titchy-wy, was includible in decedent's gross estate at a value of $425.

(b) That the property described as the N/2 of the NW/4 of Section 36–2S–13W, I.M., Cotton County, Oklahoma, which was included by the Area Director at a value of $3,300 in determining the value of decedent's gross estate, is not includible in determining the value of decedent's gross estate due

to the fact that the said property was purchased for decedent by the United States with decedent's trust funds which the United States held in trust for her, and title thereto was taken in trust for her by the United States under the provisions of the Oklahoma Indian Welfare Act of June 26, 1936, supra.

(c) That the 12/13ths interest in the property described as the NW/4 of Section 35–3S–11W, I.M., Cotton County, Oklahoma, which was purchased for decedent from the remaining heirs of her prior deceased sister, Nahsotum, Comanche Allottee No. 1979, by the United States with trust funds belonging to decedent is not includible in determining the value of decedent's gross estate, due to the fact that said property interest was purchased and title taken in trust for decedent by the United States under the provisions of the Oklahoma Indian Welfare Act of June 26, 1936, supra. In making this determination, the Commissioner determined that only that portion of this property which was inherited by decedent from her prior deceased sister, Nahsotum, Comanche Allottee No. 1979 (i. e., a 1/13th interest), is includible in decedent's gross estate for federal estate tax purposes.

## XVIII

Pursuant to the determinations of the defendant as set forth in paragraph XVII above, a Notice of Adjustment (Form 1331) dated October 11, 1963, was sent to the Area Director, wherein the said Area Director was advised that the claim for refund filed herein was partially allowed. Thereafter on October 21, 1963, a refund in the amount of $5,640.12, representing estate tax in the sum of $3,982.15, assessed interest in the sum of $787.65, and statutory interest in the sum of $870.32, was paid to the estate of the deceased, care of the Area Director. On that same day, October 24, 1963, defendant disallowed the balance of the claim for refund filed herein by statutory

notice of disallowance mailed to decedent's estate, care of the Area Director.

### XIX

On October 29, 1963, the Acting Area Director notified the heirs, devisees and legatees of decedent and their attorneys, that the claim for refund filed herein had been disallowed by the defendant (with the exception of the amount that had been allowed as described in paragraph XVII above) and that any suit to recover the same from the United States of America must be filed before the expiration of two years from October 24, 1963; and that said heirs, devisees and legatees would have to employ their own attorneys to prosecute any legal action for recovery on the said claim for refund in their own names, due to the fact that the Bureau of Indian Affairs would not prosecute such action. As a result, the said heirs, devisees and legatees of decedent entered into an Attorneys' Contract with the attorneys for the plaintiffs herein (which were approved by the Area Office of the Bureau of Indian Affairs, Anadarko, Oklahoma) and this action was thereafter timely filed on October 22, 1965.

### XX

In addition to Exhibits A and B attached to the stipulation, the original exhibits attached to and made a part of the stipulation filed in this case on May 11, 1967, are incorporated herein and made a part hereof as if they were attached hereto.

### XXI

The issue for determination by this Court is whether allotted lands acquired by a deceased, noncompetent, restricted Comanche Indian allottee by way of inheritance, and the restricted trust income derived therefrom are subject to federal estate taxation.

### XXII

This case will be submitted to the Court for decision on this second stipulation of facts, with exhibits, and briefs.

DATED this 8th day of December, 1967.

The exhibits referred to in the stipulations are attached to the respective stipulations and will not be copied in these findings.

### CONCLUSIONS OF LAW

1. Allotted lands acquired by a restricted, noncompetent Comanche Indian by way of inheritance, and the income derived from those lands, are not subject to federal estate taxation under the provisions of Section 2001, Internal Revenue Code of 1954. Indian General Allotment Act, Section 1 et seq., as amended, 25 U.S.C.A. § 331.

2. Allotment of lands acquired by a restricted, noncompetent Comanche Indian by way of inheritance, and the income derived therefrom where no fee simple patent had been issued for the particular allotment are not subject to federal estate taxes. Indian General Allotment Act, Section 6, 25 U.S.C.A. Section 349.

3. In the case of a noncompetent Indian ward of the United States where fee simple title has not been issued to a particular allotment, then, according to Section 6 of the Indian General Allotment Act, 25 U.S.C.A., Section 349, such allotment is exempt from all taxes.

Judgment will be entered for the plaintiffs in the amount of $97,498.84, the sum sued for, less refunds previously made in the sum of $4,796.80, as set forth in finding XVII, leaving a net judgment in the sum of $92,702.04, with interest from September 26, 1960 until paid.